Staples, J.,
delivered the opinion of the court.
The charter of the city of Richmond provides that. whenever a new street shall be laid out, a street graded or paved, or any other improvement whatever made, the city council may determine what portion of any of the expenses thereof ought to be paid from the public treasury of the city, and what portion by the owners of real estate benefited, or may order and direct that the whole expense be assessed upon the owners of real estate benefited thereby. Under an ordinance adopted by the city council, whenever a street is opened, graded, guttered and curbed, in whole or in part, including the walkways, it is made the duty of the owner or owners of property along said street to jtave the walkway the full width across their fronts with bricks, or such other material as the committee on streets may approve. Where the property corners on two streets, the property-owner shall pave the said walkway along his depth one-half the distance at his owm cost, and the city shall pave the other half at its cost. If, upon notice by the city engineer, the owner fails to make such pavement, the engineer is authorized to have the work done by the city contractor, and the costs are to be collected from the owner.
There are other provisions of the ordinance bearing upon the subject, but they are not necessary to be cited here.
The appellant, acting as receiver by appointment of the chaucery court of Richmond, in the case of Atkinson v. Atkinson et als., was notified by the city engineer to pave the sidewalks fronting the property under his control as such receiver. The appellant having failed to comply with this order, the city engineer caused the work to be done by the city contractor; and the question of the receiver’s liability was referred to the chancery court, from which the receiver derived his authority. That court *574 sustained the claim of the city, and from that decision an appeal was taken by the latter to this court.
In the petition for an appeal and in the argument here, the ordinance already cited has been assailed on various grounds.
It is insisted that the assessments authorized by the ordinance—if they are to be regarded as an exercise of the taxing power—violate the rule of uniformity and equality required by the constitution; and if they are not to be so regarded, they are mere appropriations of private property for public purposes without just compensation. This question was fully considered in the case of Ellis v. City of Norfolk, 26 Gratt. 224. It was there held that special or local assessments are a peculiar species of taxation, governed by principles that do not apply to the general burdens imposed for state and municipal purposes. They proceed upon the assumption of peculiar benefits conferred upon the persons liable to the tax in the enhancement of the value of their property by the contemplated improvement. It is not necessary now to’go into the argument in support of these propositions.
The validity and constitutionality of these assessments are sustained by an array of authority and force of reasoning which ought to be decisive of the question. Most of the cases on the subject may be found in 2 Dillon on Municipal Corporations, sec. 596 to 600; Cooley’s Constitutional Limitations, sec. 619 to 636. In Cooley on Taxation, ch. 20, p. 416 to 473, the whole subject is exhaustively discussed, and all the objections to this species of taxation fully answered. It is not denied that a local assessment may so far exceed the limits of equality and reason, that instead of being a tax or contribution, it would practically amount to confiscation of the property benefited. In such cases it would be the duty of the courts to interpose for the protection of the citizen. Alley v. Drew, 44 Verm. R. 174.
*575 The real difficulty in this class of cases is not with respect to the power to assess the expense of local improvements upon the property specially benefited thereby, but with respect to the method or basis of apportioning the expense among the property-holders adjacent to the improvement. It has been held in a number of cases not allowable to impose upon each owner of a lot upon a street the entire cost of grading and paving the street along its front without reference to any contribution to be made by any other property; but that the true mode is to make the street a taxing district, and to apportion the expense of the improvement among the various lots in proportion to their frontage. An opinion was incidentally expressed in accordance with this view in Ellis v. City of Norfolk, but the case did not call for a decision of that question. Nor is it necessary to decide it in the present case, for here the assessment is not for the purpose of grading and paving the street, but for paving the sidewalk after the street is graded, guttered and curbed, including the sidewalk. The city at its own expense grades and paves its streets, but requires the owner to pave the sidewalk in front of his lot.
The owner is supposed to be peculiarly interested in and benefited by the sidewalk in front of his lot, but in the street he is generally interested along with other citizens. "Whether this distinction be sound in principle or not it is needless to enquire. It is sustained by verj7 respectable authorities.
In Goddard, petitioner, 16 Pick. R. 504, a leading case recognized as authority, the court say : “ Although the sidewalk is part of the public street, and the public have an easement in it, yet the adjacent occupant often is the owner of the fee, and generally has some peculiar interest in it and benefit from it distinct from that which he enjoys in common with the rest of the community. He has this interest and benefit often in accommodating his *576 cellar-door and steps, a passage for fuel, and the passage to and from his own house to the street. To some purpose, therefore, it is denominated'his sidewalk.”
In Woodbridge v. The City of Detroit, 9 Mich. R. 274, 310, Judge Christiancy, while maintaining with great ability the invalidity of an assessment upon the owner, to defray the expense of grading and paving the street adjacent to his property, partly upon the ground that such an improvement is for the public benefit, and the owner is entitled to no peculiar use of the street not common to the public, concedes that the same rule does not apply to an assessment for the purpose of paving-the sidewalk, in which the adjoining owner is recognized as having a peculiar interest and benefit distinct from that which he enjoys in common with the rest of the community.
In his work on Taxation, Judge Cooley strongly controverts the justice as also the legality of assessing each individual lot with the cost of improvements along its front. The reason he assigns is, that if every owner is. compelled to construct the street in front of his lot, his tax is neither increased nor diminished by the assessment upon his neighbors. Nothing is apportioned or divided between him and them, and each particular lot is in fact arbitrarily made a taxihg district and charged with the whole expenditure thereon. Erom accidental circumstances the major part of the cost of an important public work may be expended in front of a single lot,, these circumstances not at all contributing to make the improvements to the lot thus specially burdened more valuable, perhaps even having the opposite consequence.
The learned author nevertheless concedes that a different rule applies to assessments for the construction and repair of the sidewalks. He declares that the cases of assessments for the construction of walks by the side of streets in cities and other populous places are more dis *577 tinctly referable to the power of police. The duty imposed upon the owners is enjoined as a regulation of police, made because of the peculiar interest such owners have in the walks, and because their situation gives them peculiar fitness and ability for performing with promptness and convenience the duty of putting them in a proper state, and of afterwards keeping them in a condition suitable for use. Upon these grounds the authority to establish such regulations has frequently been supported. Cooley on Taxation, 398, 453; see also Mayor & Alderman v. Maberry, 6 Hun. 368; Cooley on Constitutional Limitations, 734.
"Whether the learned author is correct in referring the improvement of the sidewalk by the owner to the police power, or whether it belongs to the taxing power, it is not material to discuss. It is a power exercised by the municipal authorities of, perhaps, three-fourths of the cities of the United States under their respective charters; it is just and reasonable in itself; and, with a few exceptions, is approved by the whole current of decisions.
The ordinance of the city of Richmond would seem to be peculiarly favorable to the owners of the lots, in merely requiring them to pave the sidewalks after, they have been graded at the expense of the corporation; and in the case before us the assessment does not appear to be extravagant or in excess of the benefits which the owners of the property will probably derive from the improvement. We are therefore of opinion that the ordinance is not obnoxious to any of the objections based upon the ground of its alleged illegality or unconstitutionality.
It has been argued, however, that the ordinance upon which these assessments are based was not adopted by a three-fourths vote of all the members of each branch of the city council, as required by the charter. The coun *578 sel for the City of Richmond concedes this: but he maintains that a three-fourths vote was not necessary; that the charter confers upon the city council two distinct powers: one, for the general management of all the streets (found in the nineteenth section of the charter); the other, for the improvement of particular localities; and for these latter exceptional cases the charter confers a special power (contained in the twenty-sixth section), only to be exercised with the concurrence of three-fourths of the council. We are not prepared to give our assent to this construction of the provisions of the charter referred to. And if the assessment in this case depended exclusively upon the amended ordinance, approved 18th May, 1875, we think there might be some difficulty in sustaining it. Without expressing any opinion on this point, it is sufficient to say that if that ordinance be void for the want of the requisite vote, it leaves in full force the preceding ordinance, which is substantially the same, and under authority of which.this assessment might have been made. It is difficult, therefore, to see what advantage the appellant expects to gain when he succeeds in establishing the nullity of the amended ordinance.
Another objection to the ordinance is that it attempts to delegate to the city engineer and to the committee on streets the exercise of functions which properly belong to the city council. We are unable to perceive the force of this objection. The city council determines when a new street is to be opened or an old one to be graded; and the work is of course to he done under the supervision of the city engineer. The ordinance requires that the owner shall pave the sidewalk after the street is graded, and the city engineer merely gives notice to the owner to do the work as prescribed by the ordinance. The city engineer is the mere agent of the council to carry into execution its orders, and cannot be said in any sense to exercise powers properly belonging to the city council. The *579 same is true with respect to the street committee, as it is termed.
With respect to the alleged insufficiency of the notice in failing to describe the property to be paved and the precise duty to be performed, it is sufficient to say that a copy of the ordinance was appended to the notice, which fully informed the appellant of all that was required to be done by him. If the location of the property was not described with entire accuracy the appellant was not in the least misled by it. lie well knew the lot or lots under his control as receiver were referred to. This failure to perform the work did not proceed from any misapprehension on this point, but because he ■considered it his duty to resist the assessment as illegal, and to submit the whole matter to the determination of the courts. The objection does not appear to have been made in the "court below, but is for the first time suggested in this court.
This disposes of all the material points raised by the appellant. For the reasons stated, we are of opinion that none of them are valid, and the decree of the chancery court must be sustained.
Anderson, J., dissented.
Decree affirmed.